RECEIPT # 60739
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 12-13-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 DEC 10 P 5: 22

| | |
|---|---|
| CONVERSE INC., ) | |
| ) | |
| Plaintiff, ) | DOCKET NO.: |
| ) | |
| vs. ) | |
| ) | |
| ALON INTERNATIONAL S.A., ) | |
| ) | **04 12591 PBS** |
| Defendant. ) | |
| ) | MAGISTRATE JUDGE Cohen |

**COMPLAINT**

**The Parties To The Action**

1.  Plaintiff Converse Inc. (at times Plaintiff or "Converse"), is a corporation organized under the laws of the State of Delaware and has a principal place of business in the Commonwealth of Massachusetts.

2.  Defendant Alon International S.A. (at times Defendant or "Alon") is a foreign corporation organized under the laws of the Republic of Panama and which has, at all times relevant, conducted business in Brazil.

**The Personal And Subject Matter Jurisdiction Of The Court**

3.  This Court has subject matter jurisdiction over this action in accordance with 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the injunctive and

1

declaratory relief sought herein has a value in excess of $75,000, exclusive of interest and costs.

4.  The Court has personal jurisdiction over Alon in that said Defendant expressly or impliedly consented to the jurisdiction of the Court. Alternatively, personal jurisdiction exists under the laws of the Commonwealth of Massachusetts.

**The Business Relationship Between The Parties**

5.  Converse is a seller of athletic and leisure footwear, activewear, and accessories manufactured for Converse using the Converse name and trademarks. Converse is also a licensor of the Converse name and trademarks in areas outside of the states and territories of the United States of America.

6.  On or about September 1, 2001, the parties entered into a Manufacturing, Distribution, And License Agreement Between Converse, Inc. and Alon International S.A. ("Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit A** and incorporated by reference herein.

7.  The Agreement delimits a business relationship between Converse as licensor and Alon as licensee in which Alon was permitted to utilize certain Converse trademarks in the countries of Brazil, Argentina, Paraguay, and Uruguay.

8.  The Agreement is for a finite period of time and expires on its own terms on December 31, 2004. In consideration for the limited license to utilize Converse trademarks in

the foregoing countries, Alon was obligated to fulfill numerous conditions, requirements, and provisions of the Agreement.

9. The Agreement, *inter alia*, requires Alon to: (a) refrain from sublicensing or assigning any of Alon's rights granted by the Agreement without obtaining prior approval (¶¶ 29, 35); (b) expend reasonable sums amounting to 5% or more of Alon's net sales per contract year for advertising licensed articles bearing Converse trademarks (¶ 7(d)); and (c) to pay Converse royalties (¶ 15).

10. The royalty payments under the Agreement are based upon a percentage of net sales by Alon, subject to a guaranteed annual minimum royalty per contract year.

11. The Agreement also contains a choice of law provision requiring the application of the law of the Commonwealth of Massachusetts (¶ 32) and provides for the arbitration of disputes between the parties in Boston, Massachusetts under the auspices of the American Arbitration Association (¶ 33).

**The Malfeasance Of Alon In Violation Of The Agreement**

12. In November Converse first saw copies of a number of contracts Alon had with Coopershoes Cooperativa De Calcados E Componentes Joanetense LTDA ("Coopershoes"). These contracts included: (a) a Distribution and Copyright Licensing Contract (true and accurate copy attached hereto as **Exhibit B**); (b) a Professional and Technical Service Contract (true and accurate copy attached hereto as **Exhibit C**); and (c) a "Main Contract" (true and

accurate copy attached hereto as **Exhibit D**). The foregoing shall be collectively referred to as "Coopershoes Contracts" and are dated July 24, 2002.

13. The Coopershoes Contracts violate the Agreement, *inter alia*, in that they are an impermissible sublicensing of Converse trademarks. In addition, the Coopershoes Contracts constitute an attempted subterfuge in which Alon would receive "royalty" payments for the use of Converse trademarks in the guise of providing technical/advisory services.

14. In addition, Alon has, among other acts: (a) failed to pay royalties to Converse in violation of Paragraph 15(a) of the Agreement; (b) used improper exchange rates to calculate royalty payments; and (c) failed to expend sums required by the Agreement for the advertising of goods bearing Converse trademarks.

15. As a result of the foregoing breaches of the Agreement, Converse has suffered substantial harm, including, *inter alia*: (a) dilution and/or devaluation of its trademarks; (b) monetary losses of at least $450,000 due to Alon miscalculating royalty payments; and (c) lost royalties of approximately $4,000,000. Alon has been unjustly enriched in the amount of approximately $4,450,000.

16. On or about November 30, 2004, Converse, acting by and through its counsel, notified Alon that Defendant was in breach of the terms of the Agreement and provided Alon with the opportunity to cure its violations. Converse also notified Alon on said date that if Converse's claims were not resolved within thirty days, Converse would pursue its arbitration rights under Paragraph 33 of the Agreement.

/32913/2/65039v2
12/10/04-SPT/

17. As of the instant date, Alon has not cured its breaches of the Agreement. Moreover, it has denied Converse's claims, has demanded that Converse withdraw its demand for arbitration, and has refused to arbitrate the dispute between the parties.

18. Given the scope and breadth of the arbitration clause at issue in the Agreement, the refusal to arbitrate amounts to a further violation of the Agreement.

19. Paragraph 33 of the Agreement states *inter alia*:

> [t]he parties shall attempt to settle all controversies and disputes arising hereunder amicably, promptly and fairly. <u>Any</u> controversy or claim arising out of or <u>relating directly or indirectly to this Agreement</u>, including but not limited to transactions pursuant thereto, rights and obligations of the parties thereunder, the capacity or authority of the parties thereto, the performance or breach thereof, and the termination, renewal or non-renewal thereof, not capable of satisfactory amicable resolution within thirty (30) days after written notice sent by one party to the other setting forth with specificity any such controversy or claim, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association. The award shall be made by a single arbitrator, selected pursuant to the rules of the American Arbitration Association. The parties expressly agree that arbitration shall be held in the offices of the American Arbitration Association in Boston, Massachusetts, U.S.A., or such other locations within the Commonwealth of Massachusetts as the American Arbitration Association may direct....

20. The foregoing arbitration clause is valid, enforceable, and Converse has fulfilled any and all conditions precedent necessary to invoke the arbitration clause.

**Count I, Claim For Injunctive Relief**

21. Plaintiff incorporates Paragraphs 1-20 as if fully set forth herein.

22. On or about December 8, 2004, Converse became aware that Alon had retained counsel in Brazil. Upon information and belief, Alon intends to file suit against Converse in

Brazil in the immediate future. The anticipated suit in Brazil will encompass claims within the scope of the arbitration clause of the Agreement. Alon's anticipated suit in Brazil is sham litigation calculated to deprive Converse of arbitration rights that it expressly bargained for in the Agreement. Alon's anticipated suit in Brazil is also an attempt to prolong the dispute between the parties, to prevent a prompt resolution of the dispute by arbitration, and to use the process of civil litigation to extort a resolution to the dispute that is more favorable to Alon. Converse faces imminent and certain harm as a result of the anticipated litigation in Brazeil.

23. On or about December 7, 2004, Converse became aware that Alon had retained counsel in Florida, to wit, Edwin H. Davis, Jr., of the Astigarraga Davis firm, located at 701 Brickell Avenue, Miami. Alon's Florida counsel has refused to recognize the clear effect and meaning of the arbitration clause of the Agreement. Upon information and belief, Alon intends to file suit against Converse in Florida and said suit will encompass claims within the scope of the arbitration clause of the Agreement. Alon's anticipated suit in Florida is sham litigation calculated to deprive Converse of arbitration rights that it expressly bargained for in the Agreement. Alon's anticipated suit in Florida is also an attempt to prolong the dispute between the parties, to prevent a prompt resolution of the dispute by arbitration, and to use the process of civil litigation to extort a resolution to the dispute that is more favorable to Alon. Converse faces imminent and certain harm as a result of the anticipated litigation in Florida.

24. The malfeasance set forth in Paragraph 22-23, as aforesaid, is an attempt at forum shopping by Alon in violation of the clear language and intent of the Agreement.

/32913/2/65039v2
12/10/04-SPT/

25. Alon's refusal to submit the dispute between the parties to arbitration and its expressed intention to file lawsuits in clear violation of the Agreement has caused, and will continue to cause, Converse to suffer irreparable harm for which there is no adequate remedy at law.

26. Converse is likely to ultimately succeed on the merits of its claim against Alon, both in terms of compelling Along to submit to arbitration before the American Arbitation Association in Boston, Massachusetts, and on the merits of its claim.

27. If injunctive relief is not granted, Converse will suffer substantial harm, as aforesaid. In contrast, the injunctive relief sought herein will merely compel Alon to fulfill its obligations under the Agreement. Moreover, the injunctive relief sought herein will not deprive Alon of the ability to defend on the merits since Alon will be able to assert any defenses that it has against Converse's claims in a proper forum—arbitration before the American Arbitration Association in Boston, Massachusetts.

28. The injunctive relief sought herein will not adversely affect the public interest. In fact, requiring Alon to submit to arbitration will fulfill the important public of interests of enforcing alternate dispute resolution agreements and the conservation of judicial resources.

29. Converse is entitled to temporary and permanent injunctive relief precluding Alon from filing suit in Brazil, Florida, or in any other jurisdiction relating to any controversy or claim arising out of or relating directly or indirectly to the Agreement.

30. Converse is entitled to temporary and permanent injunctive relief requiring Alon to submit to arbitration before the American Arbitration Association in Boston, Massachusetts any and all controversies or claims arising out of or relating directly or indirectly to the Agreement.

31. Converse is entitled to temporary and permanent injunctive relief requiring Alon to submit to arbitration before the American Arbitration Association in Boston, Massachusetts the question of whether the dispute between Converse and Alon is arbitrable, including any and all claims or causes of action that Alon may assert in any forum. To the extent that Alon asserts claims against Converse in any forum relating to any controversy or claim arising out of or relating directly or indirectly to the Agreement, including, without limitation, claims of tortious interference with contract, unfair business practices, bad faith, and/or unfair trade practices, the question of whether said claims are actually subject to arbitration must be decided by the American Arbitration Association in Boston, Massachusetts and not a court in a forum such as Brazil or Florida.

32. To the extent that Alon files suit in any forum prior to the granting of temporary or permanent injunctive relief to Converse, Plaintiff is also entitled to an anti-suit injunction requiring Alon to dismiss said suit(s), subject to the penalties of contempt of this Court.

## II. Count II, Claim For Declaratory Judgment

33. Plaintiff incorporates Paragraphs 1-24 as if fully set forth herein.

34. Chapter 231A, § 1 of the Massachusetts General Laws and Title 28, § 2201 of the United States Code, both allow the Court to make "binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen...."

35. In this case, an actual controversy exists as to whether the dispute between Converse and Alon described herein is subject to arbitration in accordance with Paragraph 33 of the Agreement.

36. Despite the clear language of the Agreement pertaining to arbitration as aforesaid, Alon intends to force Converse into litigation and has refused arbitration.

37. Converse is entitled to a declaratory judgment that any and all controversies or claims arising out of or relating directly or indirectly to the Agreement are subject to the arbitration clause set forth in Paragraph 33 of the Agreement.

38. Converse is entitled to a declaratory judgment requiring Alon to arbitrate any and all controversies or claims arising out of or relating directly or indirectly to the Agreement, as set forth in Paragraph 33 of the Agreement.

39. Converse is entitled to a declaratory judgment and order compelling Alon to submit to arbitration before the American Arbitration Association in Boston, Massachusetts the question of whether the dispute between Converse and Alon is arbitrable, including any and all

9

claims or causes of action that Alon may assert in any forum. To the extent that Alon asserts claims against Converse in any forum relating to any controversy or claim arising out of or relating directly or indirectly to the Agreement, including, without limitation, claims of tortious interference with contract, unfair business practices, bad faith, and/or unfair trade practices, the question of whether said claims are actually subject to arbitration must be decided by the American Arbitration Association in Boston, Massachusetts and not a court in a forum such as Brazil or Florida.

40.    Converse is further entitled to any other declaratory relief deemed appropriate by the Court.

WHEREFORE, Plaintiff respectfully demands:

1.    As to Count I, temporary and permanent injunctive relief as sought herein, or, on such terms as are deemed appropriate by the Court;

2.    As to Count II, a declaratory judgment as sought herein, or, on such terms as are deemed appropriate by the Court;

3.    Costs;

4.    Attorneys' fees;

5.    Any other relief in law or in equity deemed appropriate by the Court.

/32913/2/65039v2
12/10/04-SPT/

CONVERSE INC.
By its attorneys,

_____
Michael C. Gilleran, Esq.
PEPE & HAZARD LLP
225 Franklin Street
Boston, Massachusetts  02110
(617) 695-9090
(617) 748-5555 *facsimile*

Dated: December 10, 2004

11

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Converse, Inc.

## DEFENDANTS
Alon International S.A.

12/10/04
M.P.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~Essex County~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael C. Gilleran
Pepe & Hazard LLP
Boston, MA 02110

ATTORNEYS (IF KNOWN)
04cv12591 PBS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Converse is seeking declaratory and injunctive relief, under the Federal Declaratory Judgment statute, 28 USC section 2201 and Massachusetts Declaratory Statute, M.G.L. c. 231A, section 1, that disputes between Converse and Alon are ~~subject to their agreement for arbitration~~

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Converse, Inc. vs.__
   __Alon International S.A.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   __N/A__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?     YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)     YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?     YES ☐  NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?     YES ☐  NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).     YES ☐  NO ☒  N/A
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).     YES ☐  NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?     YES ☐  NO ☐
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐  NO ☐     OR WESTERN SECTION: YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael C. Gilleran__
ADDRESS __Pepe & Hazard LLP, 225 Franklin Street, Boston, MA  02110-2804__
TELEPHONE NO. __617 748-5500__

(Categfrm.rev - 3/97)