```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                      |                                  |
|--------------------------------------|----------------------------------|
| CONVERSE, INC.                       )                                |
|         Plaintiff,                   )                                |
|                                      )                                |
|         v.                           ) CIVIL ACTION NO. 04-12591-PBS  |
|                                      )                                |
| ALON INTERNATIONAL, S.A.,            )                                |
|         Defendants.                  )                                |

**ORDER**

January 13, 2005

Saris, U.S.D.J.

Plaintiff, Converse, Inc., ("Converse") has filed an application for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) to prevent Alon International, S.A. ("Alon") from filing or maintaining a suit in any forum relating to a manufacturing, distribution, and license agreement between Converse and Alon dated September 1, 2001. Alon, which has filed a request for arbitration over Converse's alleged breach of contract in refusing to renew this agreement, has obtained injunctions in the courts in Brazil and Argentina maintaining the status quo until the international arbitration has been completed (or, in the case of the Argentina injunction, for 60 days).

This action is properly characterized as a request for an anti-suit injunction. See <u>Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V.</u>, 310 F.3d 118, 129 (3d Cir. 2002)

("We think that if the requirements for an anti-suit injunction are met, these supplant the need for proof under Rule 65."); <u>Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren</u>, 361 F.3d 11, 19 (1st Cir. 2004) (holding that district courts have no obligation to employ Rule 65 standard in cases involving international anti-suit injunctions). Such actions raise considerations of international comity. See <u>Goldhammer v. Dunkin' Donuts, Inc.</u>, 59 F.Supp.2d 248, 252 (D. Mass. 1999) ("International comity is a doctrine that counsels voluntary forbearance when a sovereign which has a legitimate claim to jurisdiction concludes that a second sovereign also has a legitimate claim to jurisdiction under principles of international law.") (quoting <u>United States v. Nippon Paper Indus. Co., Ltd.</u>, 109 F.3d 1, 8 (1st Cir. 1997)).

Here, the foreign courts maintained the status quo pending the arbitration. Converse complains that one court improperly imposed a penalty on it for entering into a contract with another entity, but Alon has agreed not to press for the sanctions. These foreign injunctions pending arbitration are not only reasonable, but also consistent with the strong policy in favor of resolving disputes via arbitration.

In light of the fact that Converse has failed to demonstrate a likelihood of success, irreparable harm, or harm to third-party entities, and in light of the principles of international comity,

I **DENY** the application for an anti-suit injunction.

                                                **S/PATTI B. SARIS**
                                                United States District Judge