## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### Docket No.: 12591-PBS

| | |
|---|---|
| **CONVERSE, INC.,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v | : |
| | : |
| **ALON INTERNATIONAL, S.A.,** | : |
| | : |
| **Defendant.** | : |

### DEFENDANT ALON INTERNATIONAL, S.A.'S NOTICE OF FILING ARGENTINE INJUNCTION DATED MARCH 17, 2005 AND BRAZILIAN INJUNCTION DATED MARCH 18, 2005 AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

Defendant Alon International, S.A. ("Alon") hereby gives notice of the filing of: (1) the March 17, 2005, injunction issued by the National Court of the First Instance No. 22, Clerks Office No. 44, of the City of Buenos Aires, Argentina; (2) the March 18, 2005, injunction issued by the Supreme Court of the State of Rio Grande do Sul, Brazil (collectively, "Foreign Injunctions"); and (3) the Third Affidavit of Roberto Szerer (Ex. "A"), to which the Foreign Injunctions are attached as Exhibits "A" and "B."

In Alon's Memorandum of Law in Support of Its Emergency Motion for a Preliminary Injunction filed with this Court on March 14, 2005, Alon stated that the *status quo* injunctions it had originally obtained in Argentina and Brazil were either about to expire or had been set aside at Plaintiff Converse, Inc.'s ("Converse") *ex parte* request. (Memo. at 1, fn. 3; 8-9). Since that filing, the National Court of the First Instance of the City of Buenos Aires, Argentina, has re-issued to Alon a *status quo* injunction for an additional period of sixty (60) days and the

Case No. 04-12591 - PBS

Supreme Court of the State of Rio Grande do Sul, Brazil, has issued to Alon a new *status quo* injunction pending arbitration.

As more fully set forth in Alon's Memorandum of Law in Support of Its Emergency Motion for a Preliminary Injunction and as further demonstrated by Converse's past conduct, Converse will not cease its persistent, continuous and unrelenting efforts to alter the *status quo* prior to the issuance of an award in the arbitration. (Memo. at 5-11). In this regard, Converse has continuously interfered with Alon's contractual rights and relationships in the face of any foreign injunctions Alon has been able to obtain. (Memo. at 1-2; 5-11).

Moreover, despite the Foreign Injunctions currently prohibiting it from doing so, Converse continues in its efforts to destroy the *status quo* between the parties. (Third Szerer Aff. ¶ 5). Among other things, Converse has ordered Cooperativa De Calcados E Componentes Joanetense LTDA ("Coopershoes") to withhold payments currently owed to Alon. (Third Szerer Aff. ¶ 5). Alon has repeatedly requested that Converse cease doing so, to no avail. For example, on March 2, 2005, Alon wrote:

> [P]ayment from Coopershoes to Alon for the January sales was due on February 28, 2004. To date, Alon has not received said payment. It is Alon's understanding from Coopershoes that Converse has directed Coopershoes to withhold its currently owing payment to Alon. Alon has now reviewed the contract signed between Converse and Coopershoes, and is astonished to find that the contract directs Coopershoes to pay Converse money which is rightfully due and payable to Alon. This course of conduct is outrageous and highly inappropriate. Moreover, this is in <u>direct conflict</u> with what you stated in your February 1, 2005 letter.
>
> Please be advised that Converse's interference in the contractual relationship between Alon and Coopershoes not only disrupts the pre-arbitration *status quo* between the parties but is also a continuing and ongoing tort in Brazil and elsewhere.

(Third Szerer Aff. ¶ 5) (emphasis in original).

2

Case No. 04-12591 - PBS

On March 24, 2005, Alon again asked Converse that it live up to its obligations and obey the Foreign Injunctions. (Third Szerer Aff. ¶ 6). Specifically, Alon wrote:

> Pursuant to [the March 18, 2005 Brazilian] Order, the Licensing Agreement continues in effect pending a final resolution of the parties' dispute in the arbitration. Accordingly, Converse must refrain and cease and desist from undertaking actions in Brazil contrary to Alon's existing rights, contractual and otherwise.
>
> Alon is aware that Converse has been interfering with Alon's existing contractual rights and relationships in Brazil, including interfering with payments rightfully due and owing to Alon. Please be advised that said behavior has always been and continues to be in direct and flagrant violation of Alon's contractual rights as well as of the terms of the injunction currently in place in Brazil.
>
> .....
>
> In accordance with the above-mentioned [Foreign Injunctions] and Alon's renewal of the Licensing Agreement, Alon will continue to function within the terms of the Licensing Agreement and expects Converse to do the same. Moreover, Alon expects that Converse will cooperate and act in good faith with respect to the removal of the funds that have been paid by Coopershoes into the court registry in Porto Alegre. Any behavior by Converse to the contrary is in direct violation of the Licensing Agreement currently in place between the parties.

(Third Szerer Aff. ¶ 6). A copy of this letter is attached as Exhibit "3" to the Third Szerer Affidavit.

Alon's requests for Converse's compliance with the Foreign Injunctions have gone unheeded. (Third Szerer Aff. ¶ 7). Under the threat of future retaliation by Converse, Coopershoes has refused to pay Alon and currently owes Alon over $300,000.00 for sales in January and half of February 2005 alone. (Third Szerer Aff. ¶ 7). Indeed, Coopershoes has informed Alon that it has withheld, and will continue to withhold, its payments to Alon at Converse's express instruction. (Third Szerer Aff. ¶ 7). This income is essential to Alon's continued well-being, if not to its very existence. (Third Szerer Aff. ¶ 7).

3

Case No. 04-12591 - PBS

Due to Converse's procedural delays, the parties still do not have an arbitrator to preside over the parties' contractually required arbitration in Boston.   Given the refusal of Converse, a Massachusetts based corporation, to obey the Foreign Injunctions, this Court should enjoin Converse from interfering with the contractual *status quo* pending the parties' arbitration in Boston.

Dated: March 28, 2005.

Respectfully submitted,

/s/ Richard A. Johnston

**WILMER CUTLER PICKERING
HALE AND DORR, LLP**
Richard A. Johnston
Cynthia D. Vreeland
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

- and -

**ASTIGARRAGA DAVIS**
Edward H. Davis, Jr. (admitted *pro hac vice*)
M. Cristina Cárdenas
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone: (305) 372-8282
Facsimile:   (305) 372 –8202

Case No. 04-12591 - PBS

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing was sent electronically on March 28, 2005, to **Michael C. Gilleran, Esq.,** Pepe & Hazard, LLP, 225 Franklin Street, 16th Floor, Boston, Massachusetts 02110-2804.

        /s/ Richard A. Johnston

        Richard A. Johnston

C:\Documents and Settings\irens\Desktop\Notice of the Filing of the Foreign Injunctions and Supplemental Memorandum.DOC