IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No.: 12591-PBS

| | |
|---|---|
| **CONVERSE, INC.,** | : |
| Plaintiff, | : |
| | : Docket No.: 04-12591-PBS |
| v | : |
| **ALON INTERNATIONAL, S.A.,** | : |
| Defendant. | : |

**DEFENDANT ALON INTERNATIONAL, S.A.'S
NOTICE OF WITHDRAWAL, WITHOUT PREJUDICE, OF ITS
EMERGENCY MOTION FOR PRELIMINARY STATUS QUO INJUNCTION**

Defendant Alon International, S.A. ("Alon") gives notice that it hereby withdraws its Emergency Motion for a Preliminary Injunction dated March 14, 2005 ("Motion"), without prejudice, based on recent events that have occurred between the parties in this international dispute. The Supreme Court of the State of Rio Grande do Sul, Brazil recently has affirmed in all respects the injunction order entered in Brazil against plaintiff Converse, Inc. ("Converse") which grants Alon relief similar to that which is the subject of this Motion. In addition, the American Arbitration Association's International Center for Dispute Resolution (AAA/ICDR) recently appointed an arbitrator to preside over the pending arbitration, which also mitigates against Alon's necessity to obtain injunctive relief from the Court at the present time.

Alon's withdrawal of the instant Motion is made on grounds set forth more fully below.

**BACKGROUND**

This proceeding originally came before this Court on Converse's motion for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b).

US1DOCS 5092099v1

At the time of the hearing on Converse's application for a restraining order, Alon had initiated arbitration against Converse with the AAA/ICDR and obtained two foreign *status-quo* injunctions, one in Brazil and the other in Argentina. The foreign injunctions required Converse to comply with the parties' manufacturing, distribution, and licensing agreement pending the outcome of arbitration. Converse's application for a restraining order sought, *inter-alia*, to protect Converse from having to comply with these foreign injunctions.

The Court properly construed Converse's application for a restraining order as a request for an anti-suit injunction and, by Order dated January 13, 2005, denied Converse's request ("Order"). The Court held that "these [*status quo*] foreign injunctions pending arbitration are not only reasonable, but also consistent with the strong policy in favor of resolving disputes via arbitration." Order at 2 (emphasis supplied).

On the heels of the Order, Converse returned to Brazil and surreptitiously over-turned the Brazilian *status-quo* injunction by obtaining an *ex parte* order from a temporary judge substituting for the judge who had entered the injunction and now was on vacation. Converse also continued to delay in the selection of an arbitrator to hear the merits of the dispute between the parties.[1] In addition, Converse was not allowing Alon to carry on its business and was suborning Coopershoes, Alon's manufacturer in Brazil, to withhold funds from Alon for sales made in the territory covered by the parties' agreement. Given Converse's disregard for this Court's Order, improper *ex parte* overturning of the Brazilian injunction while the presiding judge was on holiday, and additional misconduct in delaying selection of an arbitrator and interfering with Alon's relationship with Coopershoes, Alon filed the subject Motion solely to

---

[1] Converse held up the selection of the arbitrator by insisting that the dispute between the parties not an international dispute and that the AAA's non-international rules govern the arbitral proceedings. In bringing these frivolous arguments, Converse evidently sought to limit the arbitrator selection pool to local Massachusetts' arbitrators, rather than the pool of international arbitrators provided under the AAA/ICDR's international rules.

Case No. 04-12591 - PBS

preserve its rights under the manufacturing, distribution, and licensing agreement pending arbitration.

## GROUNDS FOR WITHDRAWAL OF MOTION

Despite Converse's disruptive legal strategy, various events have occurred since March 14, 2005, when Alon filed this instant Motion, making it unnecessary for Alon to pursue injunctive relief from the Court at the present time.

Alon has made significant progress in protecting the status quo. On March 18, 2005, a judge from the 3d Chamber of the Supreme Court of the Brazilian State of Rio Grande do Sul re-instated the Brazilian *status-quo* injunction that Converse improperly had revoked through the substitute judge. And although Converse then appealed that decision to the remaining judges of the 3d Chamber of the Supreme Court of the State of Rio Grande do Sul, on April 21, 2005, a three judge panel of that Court unanimously affirmed in all respects the original injunction and affirmed Alon's right to seek sanctions for Converse's flagrant violation of the injunction. See the affidavit of Otto Eduardo Fonseca Lobo, attached hereto and marked as **Exhibit "A."**[2] Accordingly, despite Converse's audacious efforts to undermine the courts both of Brazil and Argentina, as well as this Court's ruling favoring a *status-quo* injunction, all four courts that have considered this issue now have spoken: Alon's rights under the manufacturing, distribution, and licensing agreement must be protected pending the outcome of arbitration. Furthermore, after a lengthy briefing schedule, the AAA/ICDR held that its international rules apply to the arbitration between the parties. This decision cleared the way for the AAA/ICDR to appoint an arbitrator, which occurred in April 2005. The arbitrator now has jurisdiction over the arbitration, including applications for interim measures.

---

[2] Alon will separately file with this Court the decision by the Supreme Court of the State of Rio Grande do Sul dated April 21, 2005, once that Court issues a written order.

3

Case No. 04-12591 - PBS

Therefore, in the interest of judicial economy, Alon withdraws without prejudice the instant Motion.

## STAY OF ACTION

As of the date of this withdrawal, there are no pending motions before the Court. Pursuant to the Court's ruling announced at the January 6, 2005, hearing on Converse's motion for a temporary restraining order, the action is stayed pending the outcome of arbitration. Alon reserves the right to re-file this Motion and seek other appropriate relief including sanctions to the extent that Converse does not abide by the authority, mandate, award, or order of either the arbitral tribunal or foreign courts.

Dated: May 4, 2005.

Respectfully submitted,

/s/ Richard A. Johnston
**WILMER CUTLER PICKERING HALE AND DORR, LLP**
Richard A. Johnston
Cynthia D. Vreeland
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

- and -

**ASTIGARRAGA DAVIS**
Edward H. Davis, Jr. (admitted *pro hac vice*)
Paul A. Capua
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372 –8202

Case No. 04-12591 - PBS

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was sent electronically on May 4, 2005, to **Michael C. Gilleran, Esq.,** Pepe & Hazard, LLP, 225 Franklin Street, 16th Floor, Boston, Massachusetts 02110-2804.

>                               /s/ Richard A. Johnston
>                               Richard A. Johnston

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 12591-PBS

| | |
|---|---|
| CONVERSE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALON INTERNATIONAL, S.A., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DECLARATION OF OTTO EDUARDO FONSECA LOBO

I, Otto Eduardo Fonseca Lobo, being of lawful age, declare as follows:

1. I am an attorney admitted to practice in Brazil, and have been duly licensed for the past 9 years. I am an attorney in the firm of Stroeter & Royster Advogados, located in Rio de Janeiro, Brazil, specializing in commercial and business law. I make this Declaration based on my own personal knowledge.

2. My firm represents Alon International, S.A. ("Alon") in a judicial proceeding commenced against Converse, Inc. ("Converse") on or about December 21, 2004, in the 19th State Court of Porto Alegre, State of Rio Grande do Sul, Brazil (*19ª Vara Civel do Rio Grande do Sul*). Alon's sole purpose in that proceeding was to seek an injunction preserving the *status quo* between Alon and Converse pending a full adjudication of the parties' dispute in arbitration.

3. By order dated December 22, 2004, the 19th State Court of the State of Porto Alegre, Brazil granted Alon the following relief: (a) it declared that the Licensing, Manufacturing and Distribution Agreement ("Agreement") between Converse and Alon is in effect until the termination of the arbitration proceedings initiated by Alon; and (b) restrained

Converse from having any contractual arrangements in Brazil that interfered with the existing contractual rights of Alon prior to a full adjudication of the parties' dispute in arbitration.

4. On February 24, 2004, Converse surreptitiously over-turned that *status-quo* injunction by obtaining an *ex parte* order from a temporary judge substituting for the judge who had originally entered the injunction, and now was on vacation.

5. Alon appealed the *ex parte* order over-turning of the *status quo* injunction to the Supreme Court of the State of Rio Grande do Sul (*Tribunal de Justicia, Estado Do Rio Grande Do Sul*). On March 18, 2005, a judge from the 3$^d$ chamber of the Supreme Court of the Rio Grande do Sul issued Alon a new *status quo* injunction pending completion of the parties' arbitration.

6. Converse then appealed that decision to the remaining judges of this 3$^d$ chamber of the Supreme Court of the State of Rio Grande do Sul. On April 21, 2005, a three-judge panel of that Court unanimously affirmed in all respects the original *status quo* injunction maintaining the validity of the Agreement between the parties pending arbitration, as set forth in paragraph 3 above.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 and ALM GL ch. 268, § 1 that the foregoing is true and correct.

Executed on this 3d day of May 2005.

_____
Otto Eduardo Fonseca Lobo

F:\WDOX\CLIENTS\10077\1001\00046385.DOC

2