# WILMER CUTLER PICKERING
# HALE AND DORR LLP

2005 MAY 26  P 5:49

May 26, 2005

Richard A. Johnston

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6282
+1 617 526 5000 fax
richard.johnston@wilmerhale.com

**BY HAND**

Ms. Zita Lovett
Clerk to District Judge Hon. Joseph Tauro
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
Boston, MA 02210

RE: <u>Converse, Inc. v. Alon International, S.A.</u>
    <u>Docket No. 04-12591-PBS</u>

Dear Ms. Lovett:

As my previous letter today indicated, we represent the Defendant Alon International, S.A. ("Alon"). We are in receipt of today's Emergency Motion of Plaintiff, Converse, Inc. ("Converse") to Enforce the Interim Final Arbitration Order Pending Appointment Decision by New Arbitrator ("Motion").

That Motion purports to seek enforcement of a three-paragraph non-final order entered on 24-hours' notice without oral argument by an arbitrator who had an undisclosed conflict of interest, pending a hearing scheduled for some days later. As the Court is aware, that arbitrator has been removed.

The essence of the arbitrator's Order was that Alon was prohibited from terminating its manufacturer in Brazil, Coopershoes, pending a hearing on Plaintiff Converse's motion for injunction that was scheduled for hearing on May 23. Because the conflicted arbitrator was removed, the hearing did not take place.

Converse is seeking to have this Court enforce that interim order on an emergency basis. As with last night's "Emergency" Motion filed by Converse, there is no emergency with respect to today's motion.

Although Alon contends that the arbitrator's order is invalid and was improperly entered, Alon hereby confirms, in the interest of sparing itself and this Court the frenzy of trying to brief and decide in such a pressured and disorderly way, that <u>Alon shall abide by the terms of the order until Judge Saris is available and the parties have the opportunity to submit papers for her</u>

May 26, 2005
Page 2

consideration (provided, of course, that nothing herein is a ratification of that order nor a waiver of any rights of Alon motion).

Judge Saris is familiar with this case, noted in her initial minute order the lack of irreparable harm, and is best positioned to consider Converse's requested relief.

Given that Alon has confirmed that no violation of the arbitrator's order is imminent, Converse's Emergency Motion to Enforce the Interim Final Arbitration Order Pending Appointment and Decision by New Arbitrator does not require the immediate attention of this Court and can be submitted to Judge Saris promptly upon her availability.

Alon has extensive legal and factual arguments as to why Converse's Motion is unfounded and must be denied, which Alon wishes to submit for the Court's consideration including the fact that an interim arbitral procedural order such as the one in question is not enforceable in court.

On that note, Converse's counsel told Alon's undersigned counsel last evening that Converse was filing its separate "Emergency Motion To Protect Arbitrator Authority," but did not indicate that Converse also was simultaneously filing the subject Emergency Motion to Enforce the Interim Final Arbitration Order, although counsel obviously was working on it as well.  Alon worked continuously since receipt of the first Emergency Motion (to protect arbitrator authority) in order to file its papers as it did earlier today, but is not in a position to also file detailed papers on such short notice in response to the second motion.

Accordingly, Alon requests that Your Honor defer ruling on Converse's Motion to Enforce the Interim Final Arbitration Pending Appointment And Decision By The New Arbitrator to Judge Saris.

We thank you for your consideration.


Sincerely,

Richard A. Johnston


cc:     Michael C. Gilleran, Esq.
        Jose I. Astigarraga, Esq.
        Edward H. Davis, Jr., Esq.