UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONVERSE INC., | ) |
| Plaintiff, | ) DOCKET NO.: 04-12591-PBS |
| vs. | ) |
| ALON INTERNATIONAL S.A., | ) |
| Defendant. | ) |

## CONVERSE'S REPLY TO ALON'S MEMORANDUM AND CONTINUED OBJECTION TO PROPOSED ORDER

Plaintiff Converse Inc. ("Converse") hereby replies to Alon International, S.A.'s Memorandum In Support of Proposed Order and continues it objection to the proposed order as drafted by Alon.

1. **The proposed order of Alon is an attempt to convey the inaccurate impression that extension of the Status Quo Order was a contested matter, on which Alon prevailed and Converse was defeated.** The proposed order lines up the following ideas in a sequence in order to create the inferences indicated in the brackets: a hearing was held (contested matters were considered), counsel for both parties were present (counsel engaged in argument over the continuance of the Status Quo Order), and at the hearing and after argument the Court "adjudged" the matter (the Court rejected Converse's arguments on the merits and decided for Alon).

The impression meant to be conveyed by the proposed order is inaccurate and false. As

1

the Electronic Clerk's Notes of the hearing show, a copy of which are attached, "Counsel inform the Court that the pending issues are moot." There was no contested hearing on the Status Quo Motion. Converse presented no argument to continue the Status Quo Order. The Court did not "adjudge" whether the Status Quo Order should continue, but stated that it expired of its own terms when the Court returned to the bench on the morning of Tuesday, May 31, 2005. Alon did not prevail and Converse was not defeated. In fact, counsel for Alon tried to request some oral relief, which the Court cut short stating that Alon had no pending request for relief.

The form of the order should not be used by either side to create an advantage in Brazil, which is the obvious purpose of the proposed order as drafted. As the Court stated, and as indicated in the Electronic Clerk's Notes, "Court informs counsel that it will not intervene in the Brazilian Court proceeding."

Since the Court stated it intended to leave the parties to their remedies elsewhere, the order as signed by the court should not create false impressions of victory or defeat for either side, and should be as minimalistic as possible. When counsel for Alon tried to leave on the record the impression or inference that the Court might accept the conclusion that Converse committed some contempt by appealing the order in the Brazilian interpleader court favorable to Alon, the Court rejected the attempt to color the record in any way. Converse asks that the Court take the same approach here. The signed order (if one was even necessary apart from the statement in the Electronic Clerk's Notes that "Court orally vacates Judge Tauro's order.") should only say something like, "The Court hereby vacates Judge Tauro's order of

MCG/32913/2/568805v1
06/03/05-BOS/

May 27, 2005."[1]

                                                   **CONVERSE INC.**
                                                   By its attorneys,

                                                   _/s/ Michael C. Gilleran_____
                                                   Michael C. Gilleran, Esq. (BBO #192210)
                                                   PEPE & HAZARD LLP
                                                   225 Franklin Street
                                                   Boston, Massachusetts 02110
                                                   (617) 748-5500
DATED: June 3, 2005                       Fax: (617) 748-5555

### Certificate of Service

      I hereby certify that I have today served the above motion upon counsel of record for the opposing party by electronic means.

                                                 _/s/ Michael C. Gilleran_____

DATED: June 3, 2005

---

[1]     Alon objects in part saying that Converse should have contacted Alon's Florida counsel when it sent yesterday an objection letter to Alon's proposed order. The proposed order was sent to Converse's counsel by Alon's Boston counsel. Converse's counsel repeatedly attempted to communicate, by email and phone, with Alon's Boston counsel, who appeared to be the party handling the proposed order (because Boston counsel sent the order to Converse's counsel and expressly stated in his cover letter, "Please provide me with any comments."). Converse notes that none of Alon's Florida counsel, admitted pro hac vice in this matter without objection, have not taken advantage of the opportunity to receive electronic service of electronically filed documents in this case.)

3

Gilleran, Michael

From: ECFnotice@mad.uscourts.gov
Sent: Wednesday, June 01, 2005 2:19 PM
To: CourtCopy@mad.uscourts.gov
Subject: Activity in Case 1:04-cv-12591-PBS Converse, Inc. v. Alon International S.A. "Motion Hearing"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' -->
United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/1/2005 at 2:18 PM EDT and filed on 6/1/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Converse, Inc. v. Alon International S.A.
Case Number: 1:04-cv-12591 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?95523

Document Number:
Copy the URL address from the line below into the location bar of your Web browser to view the document:

Docket Text:
Electronic Clerk's Notes for proceedings held before Judge Patti B. Saris: Motion Hearing held on 6/1/2005 re [29] MOTION for Preliminary Injunction filed by Converse, Inc., [30] MOTION to Enforce <I>Interim Final Arbitration Order Pending Appointment and Decision by New Arbitrator</I> filed by Converse, Inc., [34] MOTION for Preliminary Injunction filed by Converse, Inc. Counsel inform the Court that the pending issues are moot. Court informs counsel that it will not intervene in the Brazilian Court proceeding. Court orally vacates Judge Tauro's Order. Counsel to submit proposed order. (Court Reporter Valerie O'Hara.) (Alba, Robert)

The following document(s) are associated with this transaction:

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' -->
1:04-cv-12591 Notice will be electronically mailed to:
Michael C. Gilleran                    mgilleran@pepehazard.com

Richard A. Johnston                    richard.johnston@wilmerhale.com

Cynthia D. Vreeland                    cynthia.vreeland@wilmerhale.com


1:04-cv-12591 Notice will not be electronically mailed to:
Edward H. Davis                          , Jr
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue

1