UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONVERSE INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALON INTERNATIONAL S.A., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-12591-PBS |

**JOINT MOTION FOR AN ORDER ALLOWING THE DEPOSIT OF
FUNDS INTO THE REGISTRY OF THIS COURT AND FOR THE
<u>DISBURSEMENT OF PORTIONS OF THOSE FUNDS</u>**

Pursuant to Rule 67 of the Federal Rules of Civil Procedure and Local Rules 67.2 and 67.3, plaintiff Converse Inc. ("Converse") and defendant Alon International S.A. ("Alon") hereby jointly move for an order allowing the deposit of funds into the registry of this court and the disbursement of portions of those funds. In support of this motion, the parties state as follows:

1. In addition to this action there is an arbitration presently pending between the parties before the International Center for Dispute Resolution of the American Arbitration Association as Case No. 50-133-T-00579-04 (the "Arbitration").

2. On June 30, 2005, the arbitrator issued an order (the "Arbitration Order") that provides that the funds which are currently held under the direction of the 12th Civil Court of Porto Alegre, Republic of Brazil, in two cases captioned <u>Coopershoes Cooperativa v. Alon and Converse</u> (the "Interpleader Actions"), are to be deposited into the registry of this court or into some other repository as the parties may agree. [Exhibit A at ¶1]. The parties have agreed that the registry of this court is the preferred mechanism for complying with the Arbitration Order,

and further references to the Arbitration Order in this Joint Motion will presume the use of the registry of this court.

3.  The Arbitration Order further provides that the funds initially deposited into the registry of this court shall be promptly disbursed, thirty percent (30%) to Alon; fifty percent (50%) to Converse, with the balance to be held in the registry until further order of the arbitrator. [Exhibit A at ¶11].

4.  The Arbitration Order anticipates that all current and future Converse licensees, manufacturers and distributors in Brazil, Argentina, Paraguay, and/or Uruguay shall make all currently due and future royalty payments under their agreements with Converse into the registry of this court. These funds shall be paid into the registry of this court by said Converse licensees, manufacturers and distributors and should be disbursed in the same percentages as the initial registry deposit in accordance with the Arbitration Order. Certain other current and future payments that Converse may receive are also to be paid into the registry of this court and should be disbursed in the same percentages as the initial registry deposit in accordance with the Arbitration Order. [Exhibit A at ¶¶2-5].

5.  The Arbitration Order and the deposit of funds in the registry of this court for disbursal should allow the parties to proceed with the Arbitration in a reasoned manner and is expected to obviate or reduce the need for further action by this court until after the arbitrator issues his final decision.

6.  The arbitration clause between the parties provides that this court has jurisdiction to confirm the arbitrator's award if and when issued. [Exhibit B at ¶33]. Accordingly, the disputed funds may properly be held in the registry of this court.

7.      This motion is made by the parties as mandated by the Arbitration Order, and nothing herein constitutes an amendment of the Arbitration Order, nor a waiver of any rights or objections of either party to such Arbitration Order.

**WHEREFORE**, pursuant to the Arbitration Order, the parties jointly request that the court grant this motion and enter the Proposed Order submitted herewith.

Dated: July 13, 2005

| ALON INTERNATIONAL S.A. | CONVERSE INC., |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Richard A. Johnston | /s/ John J. Tumilty |
| Richard A. Johnston (BBO # 253420) | Michael C. Gilleran (BBO #192210) |
| Cynthia D. Vreeland (BBO #635143) | John J. Tumilty (BBO #560017) |
| WILMER CUTLER PICKERING HALE AND DORR, LLP | Edwards & Angell, LLP |
| 60 State Street | 101 Federal Street |
| Boston, MA 02109 | Boston, MA 02110 |
| Telephone: 617-526-6000 | Telephone: 617-439-4444 |
| Facsimile: 305-372-8202 | Facsimile: 617-439-4170 |

Jose I. Astigarraga (admitted pro hac vice)
Edward H. Davis, Jr. (admitted pro hac vice)
ASTIGARRAGA DAVIS
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202

# Exhibit A

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL DIVISION
Case No.: 5-133-T-00579-04

ALON INTERNATIONAL, S.A.,  )
                           )
        Claimant,           )
Vs.                         )
                           )
CONVERSE, INC.,            )
                           )
        Respondent,         )

## ORDER

Respondent Converse Inc. ("Converse") has the following motions pending before this arbitration tribunal: (1) Motion of Converse to Preserve Damages Remedy and to Rationalize the Litigation; and (2) Motion of Converse to Enjoin Action by Alon to Prevent Sale of Converse Shoes by Coopershoes in Brazil to the New Converse Licensee in Argentina. Claimant Alon International S.A. ("Alon") opposes both of Converse's motions. After hearing on the motions, I award and order the following relief:

1.  That both Converse and Alon shall by close of business on July 7, 2005 take all necessary steps to remove all funds currently held under the direction of the 12th Civil Court of Porto Alegre, Republic of Brazil, in two cases captioned <u>Coopershoes Cooperativa v. Alon and Converse</u> (the "Interpleader Actions"), and to arrange to have such funds deposited into the registry of the United States District Court for the District of Massachusetts, in the case captioned <u>Converse Inc. v. Alon International S.A.</u>, Civil Action NO. 04-12591-PBS, or to make payments in some other manner and into some other repository as Converse and Alon may agree, and that such funds shall be paid out of

1

the registry, or such other repository as the parties may agree, as directed below in paragraph no. 11;

2. Converse and Alon by close of business on July 7, 2005 shall both also direct Coopershoes Cooperativa to make all current and future payments owed to or claimed by either Converse or Alon, in the amount owed to or claimed by either, in whichever amount is greater, into the registry of the same United States District Court for the District of Massachusetts, in the case captioned <u>Converse Inc. v. Alon International S.A.</u>, Civil Action NO. 04-12591-PBS, or to make payments in some other manner and into some other repository as the Converse and Alon may agree, and that such funds shall be paid out of the registry, or such other repository as the parties may agree, as directed below in paragraph no. 11;

3. That Converse shall forthwith direct ID Argentina to make all currently due and future royalty payments under its License Agreement with Converse into the registry of the United States District Court for the District of Massachusetts, in the case captioned <u>Converse Inc. v. Alon International S.A.</u>, Civil Action NO. 04-12591-PBS; or to make payments in some other manner and into some other repository as the Converse and Alon may agree, and that such funds shall be paid out of the registry, or such other repository as the parties may agree, as directed below in paragraph no. 11;

4. That Converse shall direct each licensee, manufacturer and/or distributor that it may engage currently or in the future in Brazil, Argentina, Paraguay and/or Uruguay to make all payments under its agreement with Converse into the registry of the United States District Court for the District of Massachusetts, in the case captioned <u>Converse Inc. v. Alon International S.A.</u>, Civil Action NO. 04-12591-PBS; or to make

payments in some other manner and into some other repository as the Converse and Alon may agree, and that such funds shall be paid out of the registry, or such other repository as the parties may agree, as directed below in paragraph no. 11;

5. All payments from the territory of Brazil, Argentina, Paraguay and/or Uruguay which Converse may receive, Converse shall promptly pay into the registry of the United States District Court for the District of Massachusetts or such other repository as the parties may agree;

6. That the Order of Arbitrator Theroux dated May 6, 2005, otherwise known as the "Standstill Order," shall remain in effect, and that Alon is restrained and enjoined from taking any action to appoint a sublicensee and/or manufacturer involving or concerning Converse Inc., or the products, trademarks, or goodwill of Converse, in the territory of Brazil, Argentina, Paraguay and/or Uruguay, or from otherwise threatening Coopershoes Cooperativa that it will do so, until further order of this arbitration tribunal;

7. That both Converse and Alon shall forthwith take all necessary steps to arrange for the dismissal of all pending suits or proceedings in Brazil concerning the claims by and between Converse and Alon, and that they shall bring no further suits or proceedings in Brazil, Argentina, Paraguay and/or Uruguay, concerning the subject matter or this arbitration proceeding, until further order of this arbitration tribunal;

8. That Alon is restrained and enjoined from taking any action to prevent the sales of Converse-licensed products by Coopershoes Cooperativa to Converse's new licensee in Argentina, namely, ID Argentina;

9. Converse and Alon shall forthwith direct Coopershoes Cooperativa that Coopershoes shall in all respects report to Converse as per the current License Agreement

and other arrangements in place between Converse and Coopershoes, and Alon is hereby restrained and enjoined from interfering in the performance rendered by Coopershoes in any way; all communications pursuant the License Agreement and other arrangements made between Coopershoes Cooperativa and Converse (which shall not be waived by Converse) shall be copied to Alon, and without limiting the generality of the foregoing, Alon shall be entitled to all sales and royalty reports;

10. Any additional licensees, manufacturers or distributors that Converse may engage in the territory of Brazil, Argentina, Paraguay and/or Uruguay shall in all respects report to Converse as per its agreement and other arrangements in place between Converse and the additional licensee, and Alon is hereby restrained and enjoined from interfering in the performance rendered by such additional licensee in any way; the communications pursuant the agreement and other arrangements made by and between such further licensees, manufacturers or distributors and Converse (which shall not be waived by Converse) shall be copied to Alon;

11. The initial deposit of funds into the the registry of the United States District Court for the District of Massachusetts shall be paid out promptly upon deposit under the following formula (the "Formula"): thirty percent (30%) to Alon; fifty percent (50%) to Converse, with the balance to be held in the registry until further order of this tribunal. Ongoing payments into the registry shall paid out monthly within five (5) days after receipt unless otherwise ordered by the United States District Court, not to exceed ten (10) days, and such payments shall be made to Alon and Converse also pursuant to the Formula, until further order of this tribunal. Any fees, taxes or costs charged to

Converse and Alon by the registry of the court in connection with registry funds shall be charged pursuant to the Formula.

12. Converse shall make reasonable efforts to secure the consent of Coopershoes Coopertiva to the entry of this Order by July 7, 2005;

13. Converse and Alon shall make reasonable efforts to cooperate to effectuate the terms of this Order.

14. The intent of the Arbitrator in rendering this Order is as follows:

   a. To allow Converse to effectuate sales in the territory, that is, Brazil, Argentina, Paraguay and/or Uruguay covered by the Alon-Converse License Agreement, without prejudice to the rights if any of Alon;

   b. Permit Alon and Converse to collect the a 30% and 50% share of the proceeds generated from Converse products in the territory of Brazil, Argentina, Paraguay and/or Uruguay until the conclusion of this arbitration;

   c. Nothing herein is intended to be a determination of whether the Alon-Converse License Agreement is or is not in effect, a question left to be resolved for a later determination.

SO ORDERED

_____
James W. Constable
Arbitrator

Dated:    June 20, 2005

# Exhibit B

02/14/02

# MANUFACTURING, DISTRIBUTION AND LICENSE AGREEMENT

BETWEEN

CONVERSE INC.

and

ALON INTERNATIONAL S.A.

32. <u>Applicable Law</u>. The parties agree that the Commonwealth of Massachusetts, U.S.A. law governs the provisions and interpretation of this Agreement and that the English language version thereof shall be the controlling document.

33. <u>Arbitration</u>. The parties shall attempt to settle all controversies and disputes arising hereunder amicably, promptly and fairly. Any controversy or claim arising out of or relating directly or indirectly to this Agreement, including but not limited to transactions pursuant thereto, rights and obligations of the parties thereunder, the capacity or authority of the parties thereto, the performance or breach thereof, and the termination, renewal or non-renewal thereof, not capable of satisfactory amicable resolution within thirty (30) days after written notice sent by one party to the other setting forth with specificity any such controversy or claim, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association. The award shall be made by a single arbitrator, selected pursuant to the rules of the American Arbitration Association. The parties expressly agree that arbitration shall be held in the offices of the American Arbitration Association, in Boston, Massachusetts, U.S.A., or such other locations within the Commonwealth of Massachusetts as the American Arbitration Association may direct. Such arbitration shall be conducted in the English language and the arbitrators shall apply the laws of the Commonwealth of Massachusetts. The institution of any arbitration proceeding hereunder shall not relieve the Licensee of its obligation to make payments accrued hereunder to Converse during the continuance of such proceeding. The decision by the arbitrators shall be binding and conclusive upon the parties, their successors and assigns and the parties shall comply with such decision in good faith, and each party hereby submits itself to the jurisdiction of the courts of the place where the arbitration is held, but only for the entry of judgment with respect

to the decision of the arbitrators hereunder. Notwithstanding the foregoing, judgment upon the award may be entered in any court where the arbitration takes place, or any other court having jurisdiction over the losing party.

34. <u>Significance of Headings</u>. Paragraph headings contained herein are solely for the purpose in aiding in speedy location of subject matter and are not in any sense to be given weight in the construction of the Agreement.

35. <u>Assignment, Entire Agreement, No Waiver</u>. This Agreement and any rights herein granted shall inure to the benefit of and be binding upon the parties hereto and their respective successors or assigns, provided, however, that this Agreement shall be freely assignable by Converse but shall not be assigned, sublicensed or encumbered by Licensee without the prior written consent of Converse. This Agreement constitutes the entire agreement and understanding between the parties hereto and cancels, terminates and supersedes any prior agreement, materials exchanged between the parties, discussions or understanding relating to the subject matter hereof. None of the provisions of this Agreement can be waived or modified except expressly in writing signed by both parties hereto, and there are no representations, promises, agreements, warranties, covenants or undertakings other than those contained herein.

IN WITNESS WHEREOF, each of the parties hereto have executed this Agreement as of the date and year first above written in duplicate originals by its duly authorized representatives.

CONVERSE INC.

By _____

Title _VP Legal_____

Witness _____

ALON INTERNATIONAL S.A.

By _____

Title _President_____

Witness _____