UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CONVERSE INC.,                      )
                                    )
           Plaintiff-Respondent,    )
                                    )
vs.                                 )   Civil Action No. 04-CV-12591-PBS
                                    )
                                    )
ALON INTERNATIONAL S.A.,            )
                                    )
           Defendant-Movant.        )
_____ )

**MOTION OF APPLICANT ALON INTERNATIONAL S.A.
TO FILE ARBITRATION AWARD UNDER SEAL**

Applicant Alon International S.A. ("Alon") hereby moves pursuant to Local Rule 7.2 for leave to file under seal the arbitration award that is the subject of Alon's Motion To Confirm And Enforce International Arbitral Award And Supporting Memorandum Of Law. In support of this motion, Alon states as follows:

1. Alon and respondent Converse Inc. ("Converse") engaged in binding arbitration of various claims and counterclaims. The arbitrator has issued a final award in Alon's favor ("Award").

2. Alon is filing a motion to confirm the Award pursuant to the Inter-American Convention on International Commercial Arbitration of 1975, *opened for signature*, Jan. 30, 1975, OAS SER A20 (SEPEF), 14 I.L.M. 336 (1975), known as the Panama Convention, and its related legislation, 9 U.S.C. §§ 301 *et seq.*

3. The arbitrator did not designate the Award as confidential.

US1DOCS 5743771v1

4.   Converse has issued a public statement (attached as Exhibit "A") revealing the Award.

5.   Despite its public statement, Converse nonetheless has taken the position that Alon may not publicly disclose the Award.

6.   Article 27(4) of the Rules of the International Centre for Dispute Resolution provides that: "[a]n award may be made public only with the consent of all parties or as required by law."

7.   Alon does not concede that Converse is correct that the Award must be kept confidential, or that Article 27(4) requires that an award be filed under seal when a petition is brought in a federal court to enforce the award under the circumstances of this case.

8.   The filing of the Award under seal will complicate the briefing of the issues and restrict access to the contents of the Award in a case where secrecy is unnecessary.

9.   However, in order to promptly bring the Award before the Court in order to initiate enforcement proceedings, Alon files this motion to file the Award under seal subject to a petition by Alon at a later date to permit the unsealing of the Award.

10.  Pursuant to Local Rule 7.2(a), Alon states that it has no objection to the unsealing of the Award at any time, including without limitation following a ruling by this Court or a stipulation by Converse that the Award is not confidential.

WHEREFORE Alon respectfully requests that the Court grant it leave to file the Award under seal.

                                                     Respectfully submitted,

Dated: July 12, 2006                        ALON INTERNATIONAL S.A.,

                                                     By its attorneys,

| | |
|---|---|
| José I. Astigarraga (*pro hac vice*) | /s/ Richard A. Johnston |
| jia@astidavis.com | Richard A. Johnston (BBO # 253420) |
| ASTIGARRAGA DAVIS | richard.johnston@wilmerhale.com |
| 701 Brickell Avenue, 16th Floor | Mark C. Fleming (BBO # 639358) |
| Miami, FL 33131 | mark.fleming@wilmerhale.com |
| Tel: (305) 372-8282 | WILMER CUTLER PICKERING |
| Fax: (305) 372-8202 | HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA  02109 |
| | (617) 526-6000 |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I certify that counsel for Alon conferred with counsel for Converse in this matter regarding the substance of this motion and that Converse assents to the filing of the Award under seal, but objects to Alon's reservation of right to seek to unseal the Award in the future.

                                                  /s/ Richard A. Johnston
                                                  Richard A. Johnston

## CERTIFICATE OF SERVICE

I certify that I caused a true and accurate copy of the foregoing document to be served on counsel of record for Converse Inc. through the Court's electronic filing system on July 12, 2006.

                                                  /s/ Richard A. Johnston
                                                Richard A. Johnston

**FOR RELEASE AT 1:30 PM PT/4:30 PM ET**



# NIKE, Inc. Announces Unfavorable Arbitration Ruling
# Of Approximately $52.5 Million Involving Converse Subsidiary

**BEAVERTON, Ore. (May 16, 2006)** – NIKE, Inc. (NYSE:NKE) today announced an arbitration ruling arising from a contract dispute between the company's Converse subsidiary and Alon International, S.A., a former licensee for Converse in Brazil, Argentina, Paraguay and Uruguay. The arbitrator awarded Alon $52.5 million in damages, plus legal fees, less some amounts previously paid to Alon. This potential liability had not been accrued by Nike, and will likely result in a charge to earnings for the company's fiscal 2006 fourth quarter ending May 31, 2006.

"We disagree with the ruling and will exercise our legal right to challenge both the award and the amount of damages," said Nike, Inc. General Counsel Jim Carter.

Standard confidentiality provisions in the arbitration rules forbid the company from commenting on the substance of the ruling.

The actual amount of the fourth quarter charge will be decided by the arbitrator's final determination of attorney's fees, as well as Nike's assessment of the likely outcome of any further proceedings. Nike expects to report its fourth quarter and fiscal 2006 year-end earnings near the end of June 2006; the company has not yet announced the exact date.

**Nike Inc. Contacts**
| **Investor Relations** | **Media Relations** |
| --- | --- |
| Pamela Catlett | Alan Marks |
| 503-671-4589 | 503-671-2673 |

**About NIKE, Inc.**
NIKE, Inc. based near Beaverton, Oregon is the world's leading designer, marketer and distributor of authentic athletic footwear, apparel, equipment and accessories for a wide variety of sports and fitness activities. Wholly owned Nike subsidiaries include Converse Inc., which designs, markets and distributes athletic footwear, apparel and accessories; NIKE Bauer Hockey, Inc., a leading designer and distributor of hockey equipment; Cole Haan, a leading designer and marketer of luxury shoes, handbags, accessories and coats; Hurley International LLC, which designs, markets and distributes action sports and youth lifestyle footwear, apparel and accessories and Exeter Brands Group LLC, which designs and markets athletic footwear and apparel for the value retail channel.