UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACSHUSETTS

|  |  |
|---|---|
| CONVERSE INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALON INTERNATIONAL S.A., )<br>)<br>Defendant. )<br>) | CASE NO. 04-CV-12591 - PBS |

**ASSENTED-TO MOTION OF CONVERSE TO EXTEND DEADLINE
BY WHICH CONVERSE MUST (1) RESPOND TO ALON INTENATIONAL'S
MOTION TO CONFIRM ARBITRAL AWARD AND (2) FILE MEMORANDUM
IN SUPPORT OF ITS UPCOMING MOTION TO VACATE ARBITRAL AWARD**

Plaintiff Converse Inc. ("Converse") hereby respectfully moves for an extenstion of the deadline for the filing of its response to Defendant Alon International S.A.'s ("Alon") Motion to Confirm and Enforce International Arbitral Award (docket entry # 60; hereafter, "Motion to Confirm") until August 23, 2006. Converse's response currently is due today, July 26, 2006. Additionally, Converse will be filing on August 3, 2006 it Motion to Vacate the arbitral award (hereafter, "Motion to Vacate"), which August 3, 2006 deadline Converse believes is set by the requirement of the Federal Arbitration Act that motions to vacate arbitration awards be filed within three months of the award. Converse now asks, in advance of the filing of its Motion to Vacate, for leave to file the Motion to Vacate without filing the memorandum of law in support at the same time and to file the memorandum of law in support of the Motion to Vacate also on August 23, 2006. Converse also asks, with the agreement of Alon, that Alon be granted thirty days following the filing of Converse's memorandum of law to respond thereto.

BOS111 12049557.3

As grounds in support of this assented-to motion, Converse states as follows:

1.   Converse intends to file its Motion to Vacate on or before August 3, 2006, which is the statutory deadline Converse believes is established by the three-month rule for the filing of a motion to vacate set forth in the Federal Arbitation Act, since the Award in this case was signed on May 5, 2006 (the "Award");

2.   Both Converse's response to Alon's Motion to Confirm and Converse's Motion to Vacate will include arguments that would disclose aspects of the Award;

3.   On July 12, 2006, Alon filed a Motion to File the Award under Seal, and on July 13, 2006, the Court denied that motion (the "Denial Order");

4.   The parties are in discussion with respect to the Denial Order and, pending the outcome of such discussions, Alon is waiting to file the Award and Converse is waiting to file a challenge to the Denial Order, it being understood that Alon shall not file the Award sooner than 2 business days' written notice to Converse and Converse shall not file a challenge to the Denial Order sooner than two (2) business days' written notice to Alon;

5.   The parties wish to cooperate in avoiding any unnecessary disclosure or filings with respect to the Award but more time is needed for the parties to conclude whether such an agreement can be reached;

6.   Accordingly, the parties have conferred and Alon has agreed to assent to the granting of the extension of the deadline for Converse's response to Alon's Motion to Confirm and to the extension of twenty (20) calendar days for Converse to file its supporting memorandum of law in support its Motion to Vacate, thus avoiding the need to reveal information about the Award before the parties conclude whether an agreement can be reached;

7.   Converse acknowledges that Local Rule 7.1(B)(1) requires that a supporting

memorandum be filed simultaneously with its Motion to Vacate;

8. Converse believes that it is required by statute to file its Motion to Vacate no later than August 3, 2006; and

9. In order to provide the time needed for the parties to conclude whether an agreement can be reach to avoid unnecessary discloure or filings respect to the Award and still allow Converse to file its Motion to Vacate within in the statutorily prescribed period, Converse respectfully asks the Court for leave to file its Motion to Vacate without the supporting memorandum contemplated by Local Rule 7.1(B)(1).

In order to accommodate the parallel briefing necessitated by the cross motions and to provide both parties adequate time to respond, the parties jointly submit the following filing and briefing schedule for the Court's approval:

(1) Converse will file its Motion to Vacate which, pursuant to the Federal Arbitration Act, is to be filed by August 3, 2006;

(2) On or before August 23, 2006, Converse will file its memorandum of law in support of its Motion to Vacate and its response to Alon's Motion to Confirm; and

(3) Alon will have thirty (30) days thereafter to respond to Converse's Motion to Vacate.

Respectfully submitted,

**CONVERSE INC.**
By its Attorneys,

/s/ Michael C. Gilleran
Michael C. Gilleran (BBO# 192210)
Christine O'Connor (BBO #647535)
EDWARDS ANGELL PALMER &
DODGE, LLP
111 Huntington Avenue
Boston, MA 02119
617-439-4444

Dated: July 26, 2006

### Certification Pursuant to Local Rule 7.1(A)(2)

Counsel for Converse hereby certifies that counsel for Converse conferred with counsel for Alon and Alon's counsel agreed to all of the of relief sought by this motion although counsel for Alon has not specifically reviewed the exact language of this motion.

### Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Christine M. O'Connor

BOS111 12049557.3                                 4