UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACSHUSETTS

| | |
|---|---|
| CONVERSE INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALON INTERNATIONAL S.A., )<br>)<br>Defendant. )<br>) | CASE NO. 04-CV-12591 - PBS |

**CONSOLIDATED MOTION OF CONVERSE INC.
TO VACATE ARBITRAL AWARD
AND OPPOSITION TO DEFENDANT'S MOTION TO CONFIRM**

Plaintiff Converse Inc. ("Converse") hereby respectfully submits this Motion to Vacate an Arbitral Award Issued to Defendant Alon International S.A.'s ("Alon") and Opposition to Alon's parallel Motion to Confirm the Award.

This matter concerns an arbitration initiated by Alon against Converse before the International Center for Dispute Resolution (ICDR") on December 16, 2004. The Tribunal in the ICDR abitration signed an Award in the matter on May 5, 2006 in favor of Alon (the "Award"). The standard governing deadlines for filing a motion to vacate Award, as set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. 101, et seq., the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), codified by 9 U.S.C. § 201 et seq., and the Inter-American Convention on International Commercial Arbitration ("Panamanian Convention"), codified by 9 U.S.C. § 301 et seq., is "three months after the award is filed or delivered." Converse's motion to vacate herein is filed within three months after the Award was filed or delivered, and thus is timely under all applicable standards.

BOS111 12054437.1

This Court has jurisdiction to hear Converse's motion to vacate under the provisions of the FAA, the New York Convention, the Panama Convention and the Manufacturing, Distribution and Licensing Agreement between Converse and Alon (the "Agreement"). Pursuant to the terms of the Agreement, the arbitration hearings in this matter took place in the City of Boston, Massachusetts and the Award, as amended, states that it "was made in Boston, Massachusetts USA." The Agreement further provides that each party submits itself to the jurisdiction of the courts of the place where the arbitration was held. Alon, in compliance with the provisions of the Agreement, and the FAA, the New York Convention and the Panama Convention, filed its Motion to Enforce Judgment (Confirm and Enforce International Arbitration Award) in this Court on July 12, 2006.

For the reasons explicated in Converse's Memorandum in Support, which Converse will filed on or before August 23, 2006[1], vacatur is required under the standards set forth by the FAA, New York Convention and Panamanian Convention. The Award's findings of a breach of contract and breach of duty to negotiate in good faith are contrary to manifest Massachusetts law and the parties' agreement, which had expired by its terms. Alon, having no contract rights during the period in question, also cannot complain of a supposed tortious interference by Converse with a subcontractor. The Award's damage award is similarly contrary to manifest Massachusetts law, the parties' agreement, and public policy. Even if it could be said that Converse's interpretation of the contract was wrong, it manifestly was reasonable and cannot plausibly be the basis for imposing punitive damages. The further damages awarded to Alon were wholly speculative.

---

[1] On July 26, 2006, Converse filed an Assented-to Motion of Converse to Extend Deadline by which Converse Must (1) Respond to Alon International's Motion to Confirm Arbitral Award, and (2) File Memorandum in Support of Its Upcoming Motion to Vacate Arbitral Award (docket entry #63). That motion seeks, *inter alia*, leave to file separately the memorandum in support of this Motion to Vacate on or before August 23, 2006.

Converse's reasons set forth above for vacatur, which are also set forth in detail in Converse's Memorandum, are also the reasons advanced by Converse in opposition to Alon's Motion to Enforce Judgment (Confirm and Enforce International Arbitration Award).

Converse thanks the Court for its consideration in this matter.

                                      Respectfully submitted,
                                      **CONVERSE INC.**
                                      By its attorneys,

                                      Thomas C. Goldstein
                                      Akin Gump Strauss Hauer & Feld LLP
                                      Robert S. Strauss Building
                                      1333 New Hampshire Ave., N.W.
                                      Washington, D. C. 20036-1564
                                      Tel: (202) 887-4000

                                      /s/ Michael C. Gilleran
                                      Michael C. Gilleran (Mass. BBO #192210)
                                      Edwards Angell Palmer & Dodge, LLP
                                      111 Huntington Avenue
                                      Boston, MA 02119
                                      Tel: (617) 239-0100

Dated: Aug. 3, 2006

### Certification Pursuant to Local Rule 7.1(A)(2)

Counsel for Converse hereby certifies that on August 3, 2006 counsel for Converse conferred with counsel for Alon and Alon did not consent to this motion.

**Certificate of Service**
I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.
                    _____/s/ Michael C. Gilleran_____

BOS111 12054437.1